EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | CRIMINAL NO. 5:11-131 |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| LAKISHA D. SLATON, | ) | |
| KELVIN J. LEWIS, and | ) | |
| LATRICE BRITTON | ) | |
|     Defendants | ) | |

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Sever (DE 176) filed by the Defendant Latrice Britton. Defendant Kelvin Lewis has joined in the motion.

In her motion, Britton argues that her trial in this matter should be severed from that of her co-Defendants because, under Federal Rule of Criminal Procedure 8, the claims against her were improperly joined in the indictment against her co-Defendants. Britton also argues that her trial should be severed under Rule 14(a) because she is prejudiced by a joint trial.

Rule 8 allows for joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

"[A] strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts." *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004). "Society has an interest in speedy and efficient trials." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006). "Separate trials produce

additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." *Id.*

"Although [the Sixth Circuit] has held that Rule 8 should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir.2002) (quotation marks and citation omitted). If the requirements of Rule 8 are not met, "the district court has no discretion on the question of severance." *Id*. (quotation marks and citation omitted). To determine whether joining defendants is proper under Rule 8, the court must examine the allegations in the indictment. *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997).

The indictment charges that, from May 2011 to August 24, 2011, Britton and co-Defendants Lewis and Slaton conspired to distribute Oxycodone and to launder the proceeds of the drug trafficking by depositing funds in a bank in Kentucky and withdrawing those funds from a bank located in Florida. By charging a conspiracy, the indictment clearly alleges that all three defendants participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. In fact, "Rule 8(b) codifies the long-standing practice of trying conspirators together . . . ." *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir.1985).

As to Britton's argument that her trial should be severed under Rule 14(a), that rule provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). The Supreme Court has explained that:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Britton has not alleged or shown that a joint trial will compromise any specific trial right or prevent the jury from making a reliable judgment about her guilt or innocence. "[J]uries are presumed capable of sorting evidence and considering separately each count and each defendant." *Caver*, 470 F.3d at 238 (quoting *United States v. Welch*, 97 F.3d 142, 147 (6th Cir.1996)). Moreover, in accordance with the Sixth Circuit Pattern Jury Instructions, the Court will instruct the jury that its decision on one defendant or one charge should not influence its decision on any other defendant or charges. Such instructions "often will suffice to cure any risk of prejudice" from joint trials. *Zafiro*, 506 U.S. at 539.

Instead of focusing on the allegations in the indictment or any prejudice to her from a joint trial, Britton's argument focuses more on the sufficiency of the government's evidence against her. She argues that the government has no evidence linking her to the other individuals named in the indictment and no evidence linking her to the drug trafficking alleged in the indictment. Britton may raise that argument in a motion filed at the close of the government's evidence pursuant to Rule 29. "Rule 8(b) only requires that the conspiracy be alleged – there is no requirement that the government demonstrate, at the pleading stage, sufficient evidence to support joinder." *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987).

3

For all these reasons, the Court hereby ORDERS that the Motion to Sever (DE 176) is DENIED.

Dated this 24th day of January, 2013.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge